IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Geneva Howard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  3:13-cv-00330-JPG-SCW |
| ) | |
| LVNV Funding, LLC, a Delaware ) | |
| limited liability company, ARS National ) | |
| Services, Inc., a California corporation, ) | |
| and Baker & Miller, P.C., an Illinois ) | |
| professional corporation, ) | |
| ) | |
| Defendants. ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Geneva Howard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Geneva Howard ("Howard"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendants attempted to collect a

delinquent consumer debt allegedly owed originally for a Citibank/Sears debt, but now allegedly owed to Defendant LVNV Funding, LLC.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Howard.

5. Defendant LVNV is a bad debt buyer that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies such as Defendants ARS National Services, Inc. and Baker & Miller, P.C.

6. Defendant ARS National Services, Inc. ("ARS"), is a California corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois. Defendant ARS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Howard.

7. Defendant, Baker & Miller, P.C. ("Baker"), is an Illinois professional

corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Baker operates a debt collection business and attempts to collect debts from consumers in the State of Illinois. In fact, Defendant Baker was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Howard.

8. Defendants LVNV, ARS and Baker are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants LVNV, ARS and Baker conduct extensive and substantial business in Illinois.

9. Defendants LVNV and ARS are licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, both LVNV and ARS act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Howard fell behind on paying her bills, including an consumer debt she allegedly owed for a Citibank/Sears account. In 2010, Defendant LVNV allegedly bought/obtained this debt, and sought to collect the debt from Ms. Howard through other debt collectors.

11. In late 2011, Defendant LVNV hired Defendant ARS to collect the debt from Ms. Howard. Defendant ARS sent Ms. Howard a series of letters demanding payment of the LVNV/Sears debt, including a letter dated April 4, 2012, which stated

3

that the "balance" due was $4,015.45.  A copy of this April 4, 2012 collection letter is attached as Exhibit C.

    12.    Sometime thereafter, Defendant LVNV apparently hired Defendant Baker to collect the LVNV/Sears debt from Ms. Howard, which began to do so by sending her a series of letters, including a collection letter dated June 14, 2012.  This June 14, 2012 letter stated that the "Balance Due" was $3,739.15, or $276.30 less that than the amount of the debt had been a little more than two months earlier.   A copy of this June 14, 2012 collection letter is attached as Exhibit D.

    13.    Thirty-five days later, Defendant Baker sent Ms. Howard another debt collection letter, dated July 19, 2012, stating that the amount due was $3,756.99.  A copy of this July 19, 2012 collection letter is attached as Exhibit E.

    14.    Moreover, on September 24, 2012, Defendant Baker, on behalf of Defendant LVNV, filed a Complaint against Ms. Howard in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in a matter styled LVNV Funding LLC v. Geneva Howard, No. 12 SC 3481, and claimed that the amount of the debt was $3,766.17 (consisting of $3,721.31 for principal and $44.86 in interest), plus continuing interest of the outstanding principal balance at the rate of 5% per annum.   A copy of this complaint is attached as Exhibit F.

    15.    All of Defendants' collection actions at issue complained of herein occurred within one year of the date of this Complaint.

    16.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False, Deceptive Or Misleading Statements

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(5).

19. Either the statement in Defendant ARS's April 4, 2012 letter (Exhibit C) -- that the amount of the debt was $4,015 -- was false, or the later statements in Defendant Baker's letters and lawsuit (Exhibits D, E, and F) – that the amount of the debt was hundreds of dollars less – were false; the statements by ARS and Baker on behalf of LVNV cannot all be correct.  By falsely stating the amount of the debt they were attempting to collect, Defendants made false, deceptive or misleading statements, in violation of § 1692e of the FDCPA

20. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge or expense incidental to the

principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

23. Defendants, by inexplicably changing the amount of the debt they were attempting to collect, from over $4,000 to several hundred dollars less, used unfair or unconscionable means to collect a debt, in violation of § 1692f if the FDCPA.

24. Defendants' violations of § 1692f of the FDCPA render then liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Geneva Howard, prays that this Court:

1. Declare that Defendants' collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Howard and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Geneva Howard, demands trial by jury.

Geneva Howard,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 2, 20123

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com